UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Susan D. Wigenton |
| v. | : | Crim. No. 08-132 (SDW) |
| ALEKSANDR SIROTA,<br>    a/k/a "Alexander Sirota,"<br>ELIZABETH DEGUZMAN,<br>GRIGORY SIROTA,<br>    a/k/a "Grisha Sirota," and<br>JACK MELMAN,<br>    a/k/a "Yaakov Melman" | : | ORDER FOR CONTINUANCE |

This matter having come before the Court on the application of Christopher J. Christie, United States Attorney for the District of New Jersey (by Anthony Moscato, Assistant U.S. Attorney), and defendants Aleksandr Sirota, a/k/a "Alexander Sirota" (by his attorney Kenneth J. Kaplan, Esq.), Elizabeth DeGuzman (by her attorney Keith O.D. Moses, Esq.), Grigory Sirota, a/k/a "Grisha Sirota" (by his attorney Albert Y. Dayan, Esq.), and Jack Melman, a/k/a "Yaakov Melman" (by his attorney Michael Chazen, Esq.) for an Order granting a continuance of the proceedings in the above-captioned matter for 45 days, and the defendants being aware that they have the right to have the matter brought to trial within 70 days of the date of their appearance before a judicial officer of this court pursuant to Title 18 of the United States Code, Section 3161(c)(1), and all parties having consented to the entry of this continuance order under the Speedy Trial Act, and good cause having been shown;

WHEREFORE, IT APPEARING that:

1. The discoverable materials in this matter include voluminous amounts of documents and evidence that will be made available for inspection and discovery.

2. Each defense counsel will need additional time to review the discovery in this matter and to prepare motions for filing with the Court.

3. The case is in its pretrial discovery phase is so unusual and complex because of the number of defendants and the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits established by 18 U.S.C. § 3161, the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(B)(ii).

4. The failure to grant such a continuance in the proceedings would be likely to result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(i).

5. The ends of justice served by granting a continuance of the trial date outweigh the best interest of the public and each defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

THEREFORE, IT IS on this ____ day of May 2008 it is hereby ORDERED as follows:

6. The trial in this matter shall commence on a date and time to be fixed by the Court.

7. This matter shall be continued from May 24, 2008 through July 8, 2008 and that period shall be excluded for the purposes of computing time under the Speedy Trial Act.

                                              _____
                                              HON. SUSAN D. WIGENTON
                                              United States District Judge